### In re HANDICAPPED PASSENGERS ON AIR CARRIERS.

Docket No. 750204-RULE(RP). Order No. 12138.

Florida Public Service Commission.

June 9, 1975.

The following commissioners participated in the disposition of this matter — WILLIAM T. MAYO, Chairman, WILLIAM H. BEVIS, PAULA F. HAWKINS.

BY THE COMMISSION.

*Order proposing adoption of rule and notice of hearing if requested:* Pursuant to §120.54, Florida Statutes, the commission proposes to adopt Commission Rule 25-15.37 so as to set forth

requirements and procedures for the carriage of handicapped air passengers. In summary, this rule defines a handicapped person; states when an air carrier may not refuse to carry a handicapped person; describes the procedure for seating such passengers; and exempts aircraft weighing less than 12,500 pounds gross takeoff weight from the provisions of the rule.

This rule is authorized pursuant to the authority contained in §323.48(4), F.S., and implements §323.48(1), F.S.

This rule is justified in that over the past several months the commission has received complaints from handicapped persons with respect to air carriers refusing to allow them to fly on aircraft. This rule will aid in the elimination of this discrimination.

Therefore, the commission, on its own motion and pursuant to the authority contained in §330.48(4), Florida Statutes, proposes to adopt Rule 25-15.37 so as to set forth requirements for the carriage of handicapped passengers. Said rule is proposed to read as follows —

Rule 25-15.37. — *Carriage of handicapped passengers.*

(1) For purposes of this section, a handicapped person is one who may need the assistance of another person to move quickly to, or through, an exit in the event of an emergency evacuation.

(2) An air carrier may not refuse to carry a person on the basis that he is a handicapped person, if —

(a) He presents the certificate holder with a written statement signed within the preceding six months by a licensed physician that he does not need the assistance of another person to move quickly to, or through, an exit in the event of an emergency evacuation, or the sole basis for the certificate holder's refusal to carry him is that he is blind or deaf; and

(b) He can be seated in a seat that is not one of the two seats nearest an exit, or is not a seat in a row of seats immediately adjacent to an exit, except that he may be seated in the farthest seat from the exit in that row.

(3) A certificate holder may not refuse to carry a handicapped person on the basis that he is a handicapped person when the following requirements are met —

(a) The total number of handicapped persons carried does not exceed the number of exits.

(b) The number of handicapped persons carried who do not have a personal attendant capable of assisting those persons in the

event of an emergency evacuation does not exceed the number of floor level exits.

(c) In the case of a handicapped person who needs to remain on a litter during flight, if he. is the only such person carried and he is accompanied by a personal attendant capable of assisting him in the event of an emergency evacuation.

(d) Each handicapped person must be seated so that —

(i) He is in the farthest seat from the exist in a row of seats immediately adjacent to a floor level exit, or if the exit does not have such row of seats, he is in a seat that would not block any person's access to an exit, and

(ii) He can use an exit in the event of an emergency evacuation that another handicapped person would not be expected to use.

The provisions of this paragraph do not apply to air carriers who have FAA-approved emergency evacuation procedures for the number of handicapped persons that are to be carried.

(4) It is the intent of the commission that, by promulgating this rule, the rights of all persons to safe air transportation, operated by common carriers under certificates of public convenience and necessity, shall be upheld. To this end such air transportation, when performed with aircraft weighing less than 12,500 pounds gross takeoff weight shall be exempted from the provisions of this rule; this exemption is made in consideration of the limitations upon freedom of internal movement by passengers which are imposed by the seating pitch, aisle dimensions and general cabin configurations of such aircraft.

Based on the foregoing, it is ordered that Rule No. 25-15.37 as set forth above, be and the same is hereby proposed for adoption.

It is further ordered that any and all persons affected by this rule or who have a substantial interest therein are hereby given an opportunity to present any evidence and/or argument with respect to this rule and to request a hearing on this matter within fourteen days as provided by §120.54(2), Florida Statutes.

It is further ordered that if such a hearing is requested it will be held at 1:00 P.M., July 22, 1975, at the commission hearing room, 700 South Adams Street, Tallahassee. ·

It is further ordered that after such time set forth above, the commission will consider any evidence presented and will reject, adopt or adopt with modification the proposed rule revisions. ..